JOHN BALLARD, 84650-012
FCI Butner Med I
PO Box 1000
Butner, NC 27509-1000
RESPONDENT Pro Se

FILED
JUL 28 2010
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY ___KK___ DEP CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Petitioner, <br><br> V. <br><br> JOHN MARVIN BALLARD, <br> Respondent. | No. 5:10-hc-02155 <br><br> MOTION TO DISMISS |

Respondent, John Ballard, respectfully submits this Motion to Dismiss in the above-entitled action as not only does the Bureau of Prisons intend to detain Mr. Ballard pursuant to an unconstitutional statute, but also due to the misleading and deceptive information given to the Court in the "Certification of a Sexually Dangerous Person" document filed with the Court on July 19, 2010 (Document 1). Specifically:

(1) Mr. Ballard has never engaged or attempted to engage in "sexually violent conduct" or "child molestation." The facts of his conviction for Travel in Interstate Commerce for the Purpose of Engaging in Sexual Acts with a Minor, in the US District Court, Eastern District of California (Case No. 2:99 CR 00050-01), do not support the Bureau of Prisons' claims:

A) Mr. Ballard only responded that he'd be "willing" to have oral or vaginal sex with the ficticious girl after it was suggested by the undercover agent. Mr. Ballard did not initiate contact with the undercover agent, nor was he seeking sex when he began correspondence. In fact, Mr. Ballard repeatedly had made it clear that he was not seeking sex.

B) Mr. Ballard did NOT travel from Nevada to California for "the purpose of having sexual contact" with the girl. Mr. Ballard was in California on business purposes and only had agreed to meet with the undercover officer while he was in town. When he arrived at the Starbucks, Mr. Ballard was not expecting "Monica" (the ficticious girl) to be present, however the undercover agent informed Mr. Ballard that he had a surprise — "Monica" was allowed to join him after all and she was waiting across the street at a motel. This encounter was audio and video taped. On the tape, Mr. Ballard clearly stated that he did not plan on doing anything with the girl but agreed to meet her.

C) Mr. Ballard did not expect the sexual contact to be videotaped. He was acquitted of those charges.

(2) The facts of his conviction for Interstate Transportation of Visual Depictions of a Minor Child Engaged in Sexually Explicit Conduct, in the US District Court, Northern District of Oklahoma, do not support the Bureau of Prisons' claims:

A) Mr. Ballard took only ONE nude photo of a 17-year-old female when he was 23 years old after being hired by the female to develop a modeling portfolio for her.

B) None of the photos depicted the female with her legs spread apart.

C) The photos were artistic for a modeling portfolio. There were no "topless" photos. The ONE nude photo was not sexually explicit and was taken at the female's request.

D) The photos were not illegal nor was taking the photos illegal.

E) Mr. Ballard only pleaded no contest out of fear and threats.

F) The photos were not taken for Mr. Ballard's sexual gratification. The photos were for the female's use. She would have possessed and controlled them after they were developed.

(3) The psychological review and assessment cannot be trusted, nor can the review and assessment with the actuarial risk assessment instrument (Static-99R):

A) Mr. Ballard has never been dependant on ANY drug, yet alone amphetamine.

B) Mr. Ballard is not "antisocial." He is a very compassionate, caring and empathetic person. He was heavily involved in the community and volunteered in service organizations to assist the homeless, handicapped, children, and senior citizens.

C) The history of revocation or failure to meet the stipulations of conditional release are questionable since the actions of his probation officer are being questioned. The cases are still pending and are under review in the Ninth Circuit Court of Appeals (Consolodated case Nos. 09-10236 and 09-10237). It is believed Mr. Ballard's probation officer lied to deliberately violate him so that he could be subject to the Adam Walsh Act which was enacted shortly before his arrest.

D) Mr. Ballard has never "failed" in sex offender treatment. He has repeatedly be *refused* sex offender treatment. In fact, Mr. Ballard has actively sought *appropriate* sex offender treatment but has been repeatedly denied. He also has been actively attempting to find someone or someplace to conduct a thorough study of the cause of pedophilia and is willing to be a research subject.

E) He has never acted with any "sexually violent conduct" toward anyone, nor has he committed child molestation, so it's ridiculous to make the assumption that he'd have "serious difficulty" refraining from such.

conduct. Mr. Ballard is, and always has been, passive and never makes the first move in sexual matters. In fact, he could be described as the classic "submissive" when it comes to sexual matters.

(4) This action by the Bureau of Prisons is vindictive and in retaliation by the psychological examiner, Dr. Buddy Coard, who attempted to conduct an evaluation of Mr. Ballard. Dr. Coard is under investigation by Internal Affairs for his prejudice and theft of Mr. Ballard's personal property which included legal papers. Dr. Coard did not follow Bureau of Prisons' policy in confiscating Mr. Ballard's personal property, and failed to return his property after repeated requests which led to Mr. Ballard's complaint and Internal Affairs' subsequent investigation. Mr. Ballard's complaints are still pending, therefore, Dr. Coard's evaluation of Mr. Ballard should be disregarded since he has no credibility due to his dishonesty and theft of Mr. Ballard's property and his comments in his report to the Certification Review Panel could be considered vindictive, retaliatory, and prejudicial.

Mr. Ballard is clearly entitled to relief. "Civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Addington v. Texas, 441 US 418, 425, 99 S.Ct. 1804, 60 LEd 2d 323 (1979). Due to the Petition for Hearing and Certification of A Sexually Dangerous Person being filed, the Bureau of Prisons is refusing to seek a district transfer for his pending release. Because of this, Mr. Ballard suffers from immediate and irreparable injury in that he will now be forced to release to a district other than where he lives, works, and has familial support. Additionally, Mr. Ballard will be forced back to the district which probation office exhibits extreme prejudice against him and was the basis for the lies leading to the review in the Ninth Circuit Court of Appeals. His safety and rights are at risk if he's not granted a district transfer. This takes time to file for and if this action is allowed to go through there will not be time to do it.

Mr. Ballard is also now being denied placement into a Residential Reentry Center (RRC)

which is depriving him of the ability to successfully reintegrate into the community. 18 USC 3624(c) <u>REQUIRES</u> the Bureau of Prisons to place Mr. Ballard in a residential reentry center (also known as a community corrections center) for a duration that would provide Mr. Ballard the greatest likelihood of successful reintegration into the community. It is obvious by this filing that the Bureau of Prisons has no desire for Mr. Ballard to have the "greatest likelihood of successfully reintegrating" into the community. The Bureau of Prisons is also acting on the assumption that Mr. Ballard will be civilly committed when it's extremely unlikely that Mr. Ballard will ever be proven "sexually dangerous."

Furthermore, this action must be dismissed as 18 USC 4248 violates on its face the Due Process Clause of the Fifth Amendment. Additionally, procedural due process requires at least a judicial determination that the Government has demonstrated probable cause to show that an individual is sexually dangerous to justify continued detention and a speedy determination of sexual dangerousness. That has not been done and a speedy determination is important since the delay is causing immediate and irreparable injury to Mr. Ballard since he should have been transferred to a Residential Reentry Center pursuant to 18 USC 3624(c) and the Bureau of Prisons has suspended his release planning so that he will not be able to transfer to the district where he lives and works.

Additionally, the over-breadth of the terms "sexually violent conduct" and "child molestation" renders section 4248 unconstitutional because it infringes on an individual's liberty interest in engaging in certain consensual sexual conduct protected by due process under <u>Lawrence v. Texas</u>, 539 US 558, 123 S.Ct. 2472, 156 LEd 2d 508 (2003). The "sexually violent conduct" in section 4247 is so vague and overbroad as to encompass consensual sexual conduct that "does not involve minors... does not involve persons who might be injured or coerced or who are situated in relationships where consent might not easily be refused... [and] does not involve public conduct or prostitution." Id. at 560. Even Mr. Ballard's conduct with the 17-year-old female when he took her photos could not be considered "child molestation" since it was not illegal conduct under California law at the time and it was consensual since the female asked and paid Mr. Ballard to photograph her.

Respondent apologises for filing pro se, however this is an urgent matter with time being of the essence. Respondent contacted the Federal Public Defender's office in Raleigh, North Carolina, and spoke with attorney Jane Pierce who refused to assist him in this matter claiming that her office was not yet appointed. Because of this, respondent respectfully asks that a CJA attorney be appointed or the public defender's office be ordered to immediately represent respondent due to the urgency of the matter, and a hearing by videoconference be held as soon as possible.

Dated: July 24, 2010

Respectfully submitted,

*John Ballard*
John Ballard,
Respondent Pro Se.

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that on July 26, 2010, he served a copy of the attached:

## MOTION TO DISMISS

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by giving said envelope and contents to the Mail Room at FCI Butner Med I in North Carolina for the United States Mail:

Addressee:

Michael Lockridge
US Attorney's Office
310 New Bern Ave., #800
Raleigh, NC 27601-1461

*John Ballard*
John Ballard,
Respondent Pro Se