JOHN BALLARD, 84650-012
Butner CTP
PO Box 1000
Butner, NC 27509-1000
RESPONDENT Pro Se

FILED
OCT 22 2010
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Petitioner, v. JOHN MARVIN BALLARD, Respondent. | No. 5:10-HC-2155-D <br><br> RESPONDENT'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [FED. R. CIV. PRO. 65(b)] <br><br> Judge: Hon. James C. Dever, III |

Respondent, John Ballard, moves the Court for an immediate temporary restraining order and preliminary injunction restraining defendant United States of America — specifically Federal Bureau of Prisons staff — from:

1. Screening his OUTGOING mail. He should be able to seal his mail without worry of interference from staff.
2. Having his INCOMING mail restricted or rejected except for opening in his presence to determine if any contraband is enclosed.
3. Placing any restrictions on reading material/publications or photographs as long as they are legal for someone in the general public not in prison.
4. Recording or monitoring his telephone calls.

5. Conducting strip searches or visual body cavity searches.
6. Conducting a search of his personal property, room, or person without a search warrant or probable cause, and then only in his presence.
7. Confiscating any of his personal property without an order from the court.

## GROUNDS FOR RELIEF

It is essential that the court issue the requested temporary restraining order and preliminary injunction to prevent immediate and irreparable injury because:

1. The respondent is suffering from immediate loss and damage.
2. His OUTGOING mail is being screened by staff. This is a punative action not permitted for someone who has completed his criminal sentence. There is no legitimate need for this except to harass the respondent or restrict his correspondence. It is interesting to note that while Mr. Ballard was a *prisoner* in the Bureau of Prisons serving his *criminal* sentence, he WAS able to seal all of his outgoing mail. It wasn't until he was being reviewed for certification in this case that his outgoing mail was screened by staff.
3. His INCOMING mail is being restricted or rejected. This is a punative action not permitted for someone who has completed his criminal sentence. There is no legitimate need for this except to harass the respondent or restrict his correspondence. For example, Mr. Ballard was sent a letter from the Ecumenical Commission of the Diocese of Springfield in West Springfield, Massachusetts, which was *returned* because it contained two letters from third party. Aside from any order from this court, staff should not be concerned with WHO he receives mail from. It's also apparant that staff is READING his mail. All staff should be concerned with is any contraband (such as drugs or weapons) being mailed in. This could easily be determined if the letter is opened in Mr. Ballard's presence. It is obviously an immediate loss that Mr. Ballard suffers when staff does this as the correspondence could be time sensitive. (SEE ATTACHED EXHIBIT "A" FOR COPY OF REJECTION NOTICE.)

5. His telephone calls are being recorded and monitored. This is a punative action not permitted for those who have completed his criminal sentence. His calls are restricted. He's not able to leave messages on voice mail or answering machines as a recording is played for the recipients informing them that the call is from a federal prison. The recipient must then "accept" the call even though it is dialed direct. Throughout the call, a recording interrupts periodically informing the recipient that the call is from a federal prison. Mr. Ballard is identified by the recording that he is an "inmate at a federal prison" even though he's no longer serving his criminal sentence. This is obviously punative.

6. Mr. Ballard has had staff - specifically Dr. Buddy Coard, the psychologist who conducted the precertification report on Mr. Ballard - commit theft of his personal property. Due to no lawyer having been appointed for Mr. Ballard, he is having to represent himself pro se. Dr. Coard has already stolen Mr. Ballard's legal notes of which there is no record whatsoever. Obviously, staff must be directed not to conduct searches or confiscate property without an order from the court as once it is taken it would be lost forever and possibly prevent Mr. Ballard from properly defending himself in this action. Additionally, such action is *punative* in nature and serves no purpose other than harassment.

## NOTICE OF REQUEST

This emergency motion for a temporary restraining order and preliminary injunction was served as shown in the Certificate of Service attached to this motion.

## SUPPORTING MATERIAL

This emergency motion is based on this document along with Exhibit "A" along with all other papers and records on file in this action, and on whatever argument and evidence that may be presented at the hearing of this motion.

## HEARING BY VIDEOCONFERENCE REQUESTED

Mr. Ballard may be potentially injured by staff if a hearing by videoconference is not held. It is understood that he'd be *handcuffed and shackled* and restrained while being transported to court. Obviously, this would be a punative restriction on him since there is no logical need to severely restrain him in such a manner. He could simply be escorted by staff. Therefore, to insure that Mr. Ballard is NOT handcuffed or shackled, this hearing is requested by videoconference or an order be issued by this court that Mr. Ballard not be placed in restraints.

Dated: October 19, 2010

Respectfully submitted,

*John Ballard*
John Ballard,
Respondent Pro Se

# CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that on October 20, 2010, he served a copy of the attached:

RESPONDENT'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [FED. R. CIV. P. 65(b)]

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by giving said envelope and contents to the Mail Room at the Federal Correctional Institution where the Civil Treatment Program is located in Butner, North Carolina, for the United States Mail:

Addressee:

Seth Wood
US Attorney's Office
310 New Bern Ave., #800
Raleigh, NC 27601-1461

*John Ballard*
John Ballard,
Respondent Pro Se