IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-HC-2155-D

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| JOHN MARVIN BALLARD, | ) |
| | ) |
| Respondent. | ) |

John Marvin Ballard ("Ballard" or "respondent") is confined at the Federal Correctional

Institution in Butner, North Carolina, awaiting a hearing on a petition for his commitment filed by

the government pursuant to 18 U.S.C. § 4248 [D.E. 1]. On October 22, 2010, Ballard filed a pro se

emergency motion for a temporary restraining order and preliminary injunction [D.E. 9]. On

October 26, 2010, the court denied several pro se motions and appointed counsel to represent

respondent [D.E. 8], and attorney James B. Craven, III, filed a notice of appearance [D.E. 10]. On

October 28, 2010, Ballard filed another pro se emergency motion for a temporary restraining order

and preliminary injunction [D.E. 11][1] and (through counsel) a motion [D.E. 12] adopting Ballard's

pro se motions. On November 2, 2010, the government filed a "notice" in response to Ballard's

counsel's motion, indicating its opposition to Ballard's pro se motion [D.E. 9], and its "willing[ness]

to brief any issues the Court may request" [D.E. 13]. On November 16, 2010, Ballard (through

---

[1] Ballard titled the motion "respondent's ex parte emergency motion for a temporary restraining order and preliminary injunction" and the Clerk filed the motion ex parte, without electronic service on the government. However, the motion states that Ballard filed it "ex parte as he is . . . unable to photocopy this to serve on the United States of America as he does not have access to the photocopier until tomorrow afternoon . . . ." [D.E. 11] at 1. Thus, the court concludes that Ballard did not intend for the government not to receive a copy of the motion, and directs the Clerk to unseal the motion.

counsel) filed a motion to dismiss the commitment petition [D.E. 14], pursuant to the order of another court in this district in United States v. Broncheau, 759 F. Supp. 2d 682 (E.D.N.C. 2010). On December 2, 2010, the government filed a response in opposition to the motion to dismiss [D.E. 15].

On February 2, 2011, the court entered a scheduling order [D.E. 16]. The parties have subsequently commenced discovery, and the government's initial disclosures are due on September 1, 2011 [D.E. 32]. Additionally, Ballard (upon motion by counsel) obtained a court-appointed expert examiner [D.E. 17, 22, 25-28]. On February 28, 2011, Ballard, proceeding pro se, filed an action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), challenging the same issues raised in his pro se motions filed in this action. See Ballard v. Johns, 5:11-CT-3042-D (E.D.N.C.).

As for Ballard's pro se motions for preliminary injunctive relief and the motion of Ballard's counsel adopting Ballard's pro se motions, the substantive standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction. See, e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may grant a temporary restraining order or a preliminary injunction if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). In Winter, the Supreme Court resolved a circuit split and rejected the Fourth Circuit's "standard that allowed the plaintiff to demonstrate only a possibility of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Real Truth About Obama,

2

Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) (quotation omitted), vacated on other grounds, 130

S. Ct. 2371 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Ballard has not established that he is likely to succeed on the merits, that he is likely to suffer

irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an

injunction is in the public interest. Thus, Ballard has failed to meet his burden of proof. Moreover,

Ballard has not shown he is entitled to the relief he seeks within the context of the present litigation,

which is a civil commitment action brought by the government under 18 U.S.C. § 4248, or why his

pending Bivens complaint is inadequate to address the issues raised in his motions for preliminary

injunctive relief. Accordingly, the court denies Ballard's pro se motions, and denies as moot the

motion of Ballard's counsel adopting the pro se motions.

In sum, the court DENIES respondent's pro se emergency motions for a temporary

restraining order and preliminary injunction [D.E. 9, 11], and DENIES AS MOOT respondent's

motion (through counsel) adopting respondent's pro se motions [D.E. 12]. The court also DENIES

respondent's motion to dismiss the commitment petition [D.E. 14] in light of United States v.

Broncheau, 645 F.3d 676 (4th Cir. 2011).

SO ORDERED. This **30** day of August 2011.

JAMES C. DEVER III
United States District Judge

Case 5:10-hc-02155-H   Document 37   Filed 08/30/11   Page 3 of 3