FILED
SEP 30 2011
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Petitioner, | No. 5:10-HC-2155-D |
| vs. | RESPONDENT'S MOTION FOR EXCLUSION OF GOVERNMENT SELECTED EXAMINER, DR. AMY PHENIX |
| JOHN BALLARD, Respondent. | |

The respondent, John Ballard, respectfully shows the Court that:

1. 18 USC 4248 (b) reads as follows:

   Prior to the date of the hearing, <u>the court</u> may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247 (b) and (c). (emphasis added).

   18 USC 4247 (b) states:

   A psychiatric or psychological examination <u>ordered</u> pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or psychologist, or if <u>the court</u> finds it appropriate, by more than one such examiner. Each examiner <u>shall be designated by the court</u>, except that if the examination is ordered under Section 4248, upon request of the defendant an additional examiner may be selected <u>by the defendant</u> (emphasis added).

2. In this case, the Government had already obtained two evaluations of John Ballard: one in 2010 by Dr. Herbert Coard III, and another in August 2011 by Dr. Tanya L. Cunic, prior to selecting Dr. Phenix for a third evaluation conducted just *15 days* after Dr. Cunic's evaluation. The court has not, on a showing of good cause or otherwise, ordered a third evaluation for the Government.

3. 18 USC 4248 does not provide for the designation of an examiner selected by the Government. There was no opportunity to challenge the selection of Dr. Phenix, nor was her involvement in the case known until after the time of initial disclosure as part of an addition to the Government's discovery package.

4. Congress clearly intended that 18 USC 4248(b) be the primary means of appointing examiners in these cases. As Judge Britt noted in his Gloshay order on May 19, 2011, United States v. Gloshay, No. 5:08 HC 20551-BR, with one exception, "the efficient administration of 4248 cases require that examiners be appointed under 18 USC 4247. It is the procedure that Congress designed specifically for the appointment of examiners in 4248 cases.... In addition, use of 4247 ensures adequate court supervision over the appointment of examiners. The one exception to reliance on 4247 is respondents' ex parte retention of an examiner solely for trial preparation. <u>There is no comparable exception for Ex Parte retention of examiners by the Government because the law does not provide for Ex Parte examinations by the Government.</u>" (emphasis added). See also Rule 35(b)(1), Federal Rules of Civil Procedure, and 18 USC 4247(c).

5. The Respondent should not be required to participate in evaluations by examiners of the Government's choosing, beyond that allowed under 18 USC 4248, unless ordered by the Court. Mr. Ballard *already* had participated in an evaluation by an examiner of the Government's choosing when he was evaluated by Dr. Herbert Coard III.

6. In this case the Court has recognized and ordered an examination by the Respondent's examiner and expert (Dr. Plaud). The CV of Dr. Phenix had NOT

been filed prior to her examination/evaluation. She was not ordered by the Court to make a forensic evaluation. In fact, it appears the evaluation was deliberately done in secret. She claimed, "Mr. Ballard declined to be interviewed," yet no effort was made to interview him, nor was there an effort to seek the Court's recognition or order. In fact, Mr. Ballard was surprised that an evaluation was done without his knowledge and that such a blatant falsehood was stated in order to deceive the Court.

7. In United States v. Hunt, 643 F.Supp 2d 161 (D. Mass. 2009), Judge Tauro noted that:

> The Government's retained expert, Dr. Amy Phenix, conducted an evaluation from Respondent's psychological records... she was prohibited by court order from examining Respondent [Hunt] in person, 643 F.Supp 2d at 169. (emphasis added).

8. Unlike typical civil actions 18 USC 4248 is atypical in that there is a substantial liberty interest at stake for the Respondent, a virtual life sentence. Allowing the usual rules governing civil cases, most often when only money is at risk, to be manipulated at will by the Government ignoring both the letter and spirit of a civil commitment statute here, by seeking out examiners without Court order, truly fails to level the playing field. Rather it helps to stack the deck against the Respondent.

9. In fact, Rule 35(a)(1) supports Respondent's claim, as it provides for exclusion of an examiner's testimony only when the report is not provided, and of course for the appointment of examiners only by motion for good cause shown.

10. In the August 4, 2010, standing order, applicable to all cases arising under 18 USC 4248, the Government is required to adhere to the psychological examination procedures established under 18 USC 4248(b). There was no mention of additional examiners as ex parte experts for the Government.

11. In this case, John Ballard was moved from the low-security Federal Correctional Institution in Oakdale, Louisiana, in December 2009 to FCI Butner,

for a "pre-certification review." The Government explained to Ballard that he was moved to the *medium-security* FCI Butner facility even though it was a higher security designation than what Mr. Ballard was designated because FCI Butner is where all of the resources are located, and all of the BOP forensic evaluators who conduct evaluations are located at FCI Butner. This is, of course, not so at all. Note too that the Government went all the way to the Pacific coast in southern California to obtain another evaluation by Dr. Phenix. How much farther away could they go to find an expert that would agree with them and without an order?

12. In August 2011 Dr. Phenix knew she would not be allowed to interview Mr. Ballard, yet that did not seem to hamper her report. In fact, it's quite clear this was not an independent evaluation. She repeatedly referred to past evaluations — some in violation of Mr. Ballard's privacy rights since there was no permission to disclose, nor was there any court order authorizing their disclosures. She also repeatedly referred to past presentence reports that were disclosed without the permission of the sentencing court. It has long been recognized that the reports frequently contain hearsay and information not relevant to the crime charged, and although the safeguards provided by Rule 32(c) [of the Fed. R. Crim. P.] ensure that any material misinformation in the report that is called to the court's attention will not affect the sentencing decision, they do not mean that the presentence report contains no such information. Additionally, Dr. Phenix used information in her report for a crime that Mr. Ballard was found factually innocent, yet because all of the court records were destroyed, she assumed that the charges were true.

13. As Judge Gates noted on October 28, 2010, in <u>United States v. Horn</u>, 5:07 HC 2177-BR, he discussed with the parties the issue of having to file a motion and proposed order for psychiatric reports. The Government

informed the Court they are working closely with the Clerk's office on this.

14. There is clearly some degree of confusion regarding the manner in which the respondent must proceed toward trial, and between this Court and the District of Massachusetts, where there have been a number of 18 USC 4248 hearings already. We need to clarify whether the Government has the right under 18 USC 4248 to shop for examiners after the respondent has already been examined (twice in this instant case), and to clarify the order denying the stipulation in which this issue seems to have been put to rest by Judge Britt in Glushay on May 19, 2011.

WHEREFORE the respondent, John Ballard, respectfully prays the Court for a protective order clarifying that he does not have to have any contact with Dr. Phenix, and that Dr. Phenix's report be stricken and excluded.

Dated: September 27, 2011

Respectfully submitted,

*John Ballard*
John Ballard
Respondent Pro Se
Butner CTP
PO Box 1000
Butner, NC 27509-1000