IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-HC-2155-H

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| JOHN MARVIN BALLARD, | ) |
| | ) |
| Respondent. | ) |

This matter is before the court on the following motions filed by Respondent: (1) motion to appoint an additional mental health examiner (DE-132); (2) motion for leave to review exhibits designated "Attorneys Eyes Only" (DE-136) and (3) motion for sanctions (DE-143). A hearing was conducted on November 19, 2013, (DE-144) and following additional briefing allowed at the hearing, these motions are ripe for adjudication.

### Background

Petitioner seeks to commit Respondent as a sexually dangerous person under the Adam Walsh Child Protection and Safety Act of 2006, 18 U.S.C. §§ 4247-4248. Originally, these proceedings were assigned to Chief Judge James C. Dever, III. Dr. Joseph Plaud examined Respondent and wrote two reports, dated September 15, 2011 and December 5, 2012, opining that Respondent was not sexually dangerous. (DE-132), p. 2. A bench

trial was held before Chief Judge Dever on February 11, 2013. At the February 11, 2013 hearing, Dr. Plaud testified that Respondent was sexually dangerous. Id. at p. 1.

On May 3, 2013, this case was reassigned from Chief Judge Dever to the undersigned (DE-117). After this re-assignment, the parties were instructed to inform the court "of their respective positions regarding the necessity of any additional proceedings for the presentation of evidence or arguments of counsel to assist the court in making a determination on the government's request to civilly commit Respondent pursuant to 18 U.S.C. § 4248." (DE-119), p. 2. In his response to this order, Respondent requested a de novo hearing because, *inter alia*, he "was denied the opportunity to put on a defense." (DE-124), p. 5. On September 12, 2013, the court issued an order declining to conduct a de novo hearing but reopening the evidence "for the limited purpose of allowing Respondent to testify on his own behalf and recalling Dr. Plaud." (DE-131), p. 4.

### I. Motion to Appoint Expert

Dr. Frederick S. Berlin was retained by Respondent as a non-testifying expert in this case on February 13, 2012. (DE-72). Specifically, Magistrate Judge James E. Gates construed Respondent's January 23, 2013 "motion to appoint expert" (DE-64, 67, 70) as a request for authorization of funds under the

2

Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A(e)(1), to retain Dr. Berlin to assist in his defense. Feb. 13, 2012, Order, (DE-72), p. 1. This request was granted, and Dr. Berlin was also granted leave to examine Respondent. Id. at p. 2. However, Dr. Berlin has not yet conducted the permitted examination. (DE-132), p. 2.

As noted above, Dr. Plaud's initial reports indicated that Respondent was not sexually dangerous, although he ultimately testified at trial that Respondent is sexually dangerous. Respondent now asserts that "[b]ecause of Dr. Plaud's untimely change of position, Respondent did not have a meaningful opportunity to present a witness on his behalf or to cross examine Dr. Plaud." (DE-132), p. 2. Therefore, Respondent initially requested the appointment of Dr. Berlin as a testifying witness. Id. at p. 3. During the hearing in this matter, the court requested an offer of proof from Respondent, indicating whether Dr. Berlin would find that Respondent is not sexually dangerous. However, Dr. Berlin is unable to provide an initial opinion until he has reviewed the record, and "his schedule does not permit a review of documents until mid-March 2014." Offer of Proof (DE-148), p. 1.

Therefore, in the alternative, Respondent now seeks to retain Dr. Fabian Saleh[1] with CJA funds. Id. at pp. 1-2. He also requests that Dr. Saleh be permitted to examine him. Id. at p. 2. In support of this request, Respondent notes that "after a limited record review, [Dr. Saleh] has provided an offer of proof to counsel that [Respondent] does not meet the criteria of the single disputed prong of 18 U.S.C. §4248." Id. Dr. Saleh is able to examine Respondent and review the complete discovery by January 31, 2014. Id. His fee is $250 per hour. Id.

Petitioner has responded in opposition to this request. (DE-135, 151). In doing so, Petitioner cites paragraph 5(c) of the Standing Order regarding Procedures for Commitments under 18 U.S.C. § 4248, no. 13-SO-02 (E.D.N.C. Oct. 21, 2013) ("Standing Order"). Pet'r. Resp. (DE-151), pp. 6-7. This citation misapprehends the nature of Respondent's request. Paragraph 5(c) of the Standing Order addresses the appointment of an additional expert selected by Respondent to assist the court and is not applicable to the instant motion. Rather, Petitioner, as he originally did with Dr. Berlin, seeks the authorization of CJA funds to retain Dr. Saleh to assist in his defense and ultimately testify. Thus, Respondent's requests are controlled

---

[1] The undersigned has reviewed Dr. Saleh's curriculum vitae (DE-148-1), and finds that he is adequately qualified to serve as an expert.

4

by Paragraph 5(d) of the Standing Order instead.[2] The distinction between these two types of requests has already been highlighted by Judge Gates' February 13, 2012 Order. (DE-72). That order specifically reminded both parties that "court approval of the retention is not required, except for funding purposes." Id. at p. 2. Likewise, Judge Gates also reminded that parties that court approval must be obtained before such a retained expert conducts any examination of the respondent. Id. (citing United States v. Gloshay, No. 5:08-HC-2051, 2011 WL 1899777 (E.D.N.C. May 19, 2011). That Petitioner continuing to describe Respondent's request as one for a "second selected, court-appointed examiner" pursuant to ¶ 5(c) of the Standing Order when Respondent seeks to retain Dr. Saleh with CJA funds[3] is unnecessarily confusing and belabors the issue. See, Pet'r. Resp. (DE-151), pp. 6-7. For these reasons, the undersigned finds Petitioner's arguments in opposition unpersuasive.

---

[2] Petitioner also argues that "Ballard's contact with Dr. Saleh was . . . a prohibited substantive communication with a proposed examiner", citing ¶ 5(h) of the Standing Order. However, ¶ 5(h) does not apply to retained examiners. Standing Order no. 13-SO-02, ¶ 5(d). Moreover, the court finds it somewhat disingenuous of Petitioner to forward such an argument when Respondent was specifically instructed by this court to attempt to obtain an offer of proof.

[3] In her offer of proof, counsel for Respondent "requests the appointment of Dr. Fabian Saleh as an expert." Offer of Proof (D.E. 148). While this request for relief is less than precise, it is nonetheless clear from the procedural posture of the case that Respondent seeks to retain an expert with CJA funds to ultimately testify on his behalf.

5

Regardless, Respondent's request conflicts with the limited reopening of the evidence in this case. The November 7, 2013 hearing was scheduled solely to allow Respondent to testify and recall Dr. Plaud. (DE-131). Permitting Dr. Saleh to testify clearly exceeds that scope. Moreover, the request is also arguably untimely. Dr. Berlin was appointed as a non-testifying expert on February 13, 2012 (DE-72), and Dr. Plaud testified that Respondent was sexually dangerous on February 11, 2013 (DE-108). This court notified the parties that a limited reopening of the evidence would be permitted on September 12, 2013. (DE-131). The instant request was not filed until October 9, 2013, and was not further altered to include Dr. Saleh until December 9, 2013. Respondent does not explain why this request was not filed earlier.

Conversely, the Fourth Circuit held that "absent the consent of the parties, a successor master or judge may not be appointed to make findings of fact and conclusions of law based solely upon the transcript developed before the original judge or master, unless no credibility determination as to the testimony of the witnesses needs to be made." Henry A. Knott Co. v. Chesapeake Potomac Telephone Co., 772 F.2d 78, 87 (4th Cir.1985). See also F.R.Civ.P. 63. Given Dr. Saleh's initial opinion that Respondent is not sexually dangerous, the

6

undersigned will arguably be required to make a "credibility determination as to the testimony of the witnesses." Id. Therefore, out of an abundance of caution, Respondent's request is GRANTED. Dr. Saleh is given leave to examine Respondent, and he shall complete his examination no later than January 31, 2014. The Department of Justice shall pay Dr. Saleh's costs pursuant to § 4247(b) in accordance with the CJA Guidelines for § 4246 cases, 7A Guide § 320.20.60. See Gloshay, 2011 WL 1899777, at * 9. However, amounts to be paid for these services from CJA funds shall be subject to the statutory maximum of $2,400.00, excluding expenses reasonably incurred, as provided in 18 U.S.C. § 3006A(e)(3).

Finally, in light of Dr. Saleh's appointment, the undersigned shall re-open the evidence in this matter. The parties are instructed to confer and submit to the undersigned three mutually agreeable dates upon which to conduct the trial in this matter.

## II. Motion for leave to review exhibits

Paragraph 17(c) of the Standing Order prohibits respondents from seeing "Attorney Eyes Only" documents without consent from counsel for the Government or a court order. Respondent "objects to the designation 'Attorney Eyes Only' of Government exhibits included in the trial notebook prepared by the Government in

7

this case", noting that Petitioner has designated over half of its exhibits as "Attorney Eyes Only." Mot. (DE-136), p. 1. Therefore, Respondent "requests the court to nullify the 'Attorney Eyes Only' designation from the trial exhibits or in the alternative, to issue an order permitting his review of every trial exhibit." Id. at p. 3. However, during the hearing in this matter, Petitioner indicated that it had no objection to Respondent reviewing any documents designated "Attorney Eyes Only" in the presence of counsel, and Respondent stipulated to this arrangement. Accordingly, the undersigned adopts this agreement, and Respondent's motion for leave to review exhibits (DE-136) is DENIED AS MOOT.

### III. Motion for Sanctions

Finally, Respondent requests that this case be dismissed, or in the alternative that the testimony at the February 11, 2013, hearing related to Government exhibit 155—three audio tapes—be stricken, based on the Government's "failure to comply with its discovery obligations." (DE-143). Specifically, Respondent argues that the Government's disclosure of a June 11, 2010, recorded jail call was untimely. Id. at pp. 5-6. This phone call was not disclosed by the Government until February 8, 2013, and was cited by Dr. Plaud during the February 11, 2013, hearing when he explained why he changed his position. Id.

8

This recording was also relied upon by the other experts who testified at the February 11, 2013, hearing. Id. Respondent contends "[t]he Government ignored every deadline and rule, deciding to disclose inflammatory evidence for the first time on the eve of trial without justification." Id. at p. 7.

The motion is untimely, and could be denied on that basis alone. This alleged discovery violation occurred on February 8, 2013. Respondent's current counsel entered a notice of appearance on March 18, 2013. (DE-115). On June 27, 2013, the parties were instructed to "to inform the court . . . of their respective positions regarding the necessity of any additional proceedings for the presentation of evidence or arguments of counsel to assist the court in making a determination on the government's request to civilly commit respondent pursuant to 18 U.S.C. § 4248." June 27, 2013, Order (DE-119), p. 2. Despite that invitation to present additional evidence and argument, the instant motion for sanctions was not filed until November 14, 2013 (DE-143).

Regardless, Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure requires parties to disclose in its initial disclosures electronically stored information that the disclosing party has in its possession, custody, or control that a party may use to support a claim or defense, unless the use

9

would be solely for impeachment.[4] Fed. R. Civ. P. 26(a)(1)(A)(ii). In turn, Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that information or a witness not timely disclosed must be excluded unless the court determines the error was substantially justified or harmless. F.R.Civ.P. 37(c)(1).

The Fourth Circuit has articulated a five factor test for determining "whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) analysis." S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir.2003). The five factors are: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." Id.

Here, Respondent has established that he was surprised by this evidence. This evidence was also quite important, as each expert relied upon it to some extent in determining that Respondent is sexually dangerous. However, given that a new

---

[4] To this end, Petitioner argues that this evidence and related testimony was designed solely to impeach, and, therefore, outside the scope of Rule 26. Pet'r. Resp. (DE-145), p. 8. The undersigned will assume without deciding this this evidence was also offered for substantive purposes.

10

trial will be conducted in this matter, that surprise is now cured. Likewise, the introduction of this evidence will in no way disrupt the new trial, which has yet to be scheduled. Respondent will now have ample opportunity to respond to this evidence. Finally, Petitioner notes that it discovered the evidence on February 8, 2013, and it was disclosed later that same day. Pet'r. Resp. (DE-145), p. 3. In summary, while the better practice may have been for Petitioner to be more diligent in discovering and disclosing this evidence, sanctions are not appropriate. Accordingly, Respondent's motion for sanctions (DE-143) is DENIED.

## CONCLUSION

For the aforementioned reasons: (1) Respondent's motion to appoint an additional mental health examiner (DE-132) is GRANTED; (2) Respondent's motion for leave to review exhibits (DE-136) is DENIED AS MOOT; and (3) Respondent's motion for sanctions (DE-143) is DENIED. Finally, the evidence in this matter is re-opened, and the parties are instructed to confer and submit three mutually agreeable dates upon which to conduct the trial in this matter. These dates shall be submitted no later than December 22, 2013.

This 18th day of December 2013.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC