IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2155-FL

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | ORDER |
|  | ) |  |
| JOHN MARVIN BALLARD, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

This matter is before the court on petitioner's motion for scheduling order and authorization to conduct examination of respondent (DE 381). Respondent responded in opposition and in this posture the issues raised are ripe for ruling.

**BACKGROUND**

In 2014, the court found respondent was a sexually dangerous person and civilly committed him to the custody of the attorney general pursuant to the Adam Walsh Child Protection and Safety Act. See 18 U.S.C. § 4248. Respondent moved for discharge hearing in 2022, alleging he is no longer sexually dangerous to others, or would not be sexually dangerous if released under a prescribed regimen of medical, psychiatric, or psychological care or treatment. The court granted the request for hearing, and following a lengthy period of pre-hearing discovery and other proceedings, two-day hearing convened April 26, 2023.

On July 18, 2023, the court entered order finding respondent established by a preponderance of the evidence that he would not be sexually dangerous to others if released under a prescribed treatment regimen and related conditions. Respondent was released to the supervision of United States Probation for the Central District of California February 16, 2024,

residing in a residential reentry center in Van Nuys, California. On June 6, 2024, less than four months after respondent's release, petitioner filed motion for revocation, alleging that respondent engaged in online communications with several minor girls that were sexual in nature, and committed other violations of the conditional release order.

Pursuant to 18 U.S.C. § 4248(f), the court issued warrant for arrest, and respondent was arrested June 7, 2024. Respondent arrived at the Federal Correctional Center in Butner, North Carolina ("FCC-Butner"), for proceedings on the motion for revocation, on or about August 5, 2024. Petitioner filed the instant motion for scheduling order and authorization to retain expert less than two weeks later. Therein, petitioner requests a discovery period of 90 days, and that the court authorize the parties to retain experts to examine respondent. Respondent opposes the motion, arguing that § 4248(f) requires that he be brought before this court without unnecessary delay, and that the schedule proposed by petitioner would violate this mandate and his due process rights. Respondent instead proposes that the court proceed forward with hearing as soon as possible, without permitting any discovery or outside expert evaluations.

**COURT'S DISCUSSION**

The instant revocation proceedings are governed by 18 U.S.C. § 4248(f), which prescribes procedures for determining whether conditional release should be revoked for a detainee civilly committed under § 4248:

> The director of a facility responsible for administering a regimen imposed on a person conditionally discharged under [18 U.S.C. § 4248(e)] shall notify the Attorney General and the court having jurisdiction over the person of any failure of the person to comply with the regimen. Upon such notice, or upon other probable cause to believe that the person has failed to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment, the person may be arrested, and, upon arrest, shall be taken without unnecessary delay before the court

2

having jurisdiction over him. The court shall, after a hearing, determine whether the person should be remanded to a suitable facility on the ground that he is sexually dangerous to others in light of his failure to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment.

18 U.S.C.A. § 4248(f).

Thus, the court must hold a hearing to determine whether respondent is "sexually dangerous to others" in light of his failures on conditional release. Id. This is a complex inquiry that typically requires expert testimony. See United States v. Hall, 664 F.3d 456, 463 (4th Cir. 2012) ("Whether an individual is mentally ill and dangerous to either himself or others and is in need of confined therapy turns on the meaning of the facts which must be interpreted by expert psychiatrists and psychologists.").[1]

While the statute requires that respondent be brought before the court "without unnecessary delay," the discovery period sought by the petitioner is not "unnecessary" where it allows the parties to engage experts, develop the factual record, and ultimately provide the court with sufficient information to determine whether respondent violated the conditions of release and whether in light of the violations he is now too dangerous to be released to the community. See United States v. Perkins, 67 F.4th 583, 634 (4th Cir. 2023) (noting in similar context that "the discretionary determination of [revocation of conditional release] depends heavily upon counsel surfacing an appropriate documentary record in advance of the revocation hearing"). Accordingly, the court will adopt petitioner's proposals for discovery and expert reports.

Respondent also notes that his hearing was delayed for two months based on the period between his arrest and arrival at FCC-Butner. While that delay is unfortunate (and unexplained),

---

[1] Throughout this order, internal citations and quotation marks are omitted from citations unless otherwise specified.

3

the court will not permit same to short-circuit the proceedings necessary to determine whether respondent can be released to the community. The phrase "unnecessary delay" does not require petitioner to proceed with all possible haste to a hearing, foregoing the required factual development and expert opinions noted above. Moreover, the discovery period the court is ordering also benefits respondent, where it allows him to hire his own forensic examiner to provide potential opposing opinion regarding his alleged sexual dangerousness. The weighty issues that must be resolved in this case counsel against proceeding directly to hearing "as soon as possible" without any factual development of the record or expert examinations of respondent. See Perkins, 67 F.4th at 634; (Resp't Opp. (DE 383) at 2).

## CONCLUSION

Based on the foregoing, the instant motion for discovery and authorization for expert (DE 381) is GRANTED and the court enters the following prehearing schedule:

1) The parties shall provide initial disclosures, if not already provided, within **14 days** of entry of this order.

2) The parties are allowed **90 days** from the date of this order to conduct any discovery allowed by the Federal Rules of Civil Procedure, including depositions or other authorized discovery through videoconferencing or other audio and/or visual means, with the exception that (absent further order of the court), the parties shall limit any depositions to expert witnesses, respondent, and respondent's United States probation officer.

3) The parties may retain experts pursuant to Federal Rule of Civil Procedure 26(a)(2) to conduct psychiatric or psychological evaluations of respondent. Any such expert is allowed to conduct an in-person or videoconference clinical interview of respondent. In the event the parties

4

retain experts, their reports shall be filed with the court and served on opposing counsel within **60 days** of entry of this order. The experts' reports shall include the information prescribed by 18 U.S.C. § 4247(c), as well as the expert's curriculum vitae or other comparable documentation demonstrating the expert's qualifications. In addition, the Federal Bureau of Prisons examiner may conduct psychiatric or psychological examination of respondent, which is subject to the same deadline and other parameters set forth above with the exception that such examiner need not file his or her curriculum vitae/other comparable documentation.

4) If either party intends to present expert testimony from a witness who is not required to provide a written report, the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(C) are due **60 days** from entry of this order.

5) Motions to exclude testimony of any expert witness made pursuant to Federal Rules of Evidence 702, 703, or 705, <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137 (1999), or similar case law, shall be filed not later than **21 days** after the close of the supplemental discovery period. In conjunction with any such motion to exclude expert testimony or response thereto, the parties shall include where available all materials associated with the challenged expert, including resumes, reports, depositions, and objections to qualifications. Motions to exclude Rule 26(a)(2)(C) experts on the basis that such witness does not satisfy the standard for experts not required to provide a written report also must be filed **21 days** after the close of the supplemental discovery period.[2]

---

[2] Given the court's specific directives expressed herein, allowance by the Local Civil Rules for filing of motions in limine in advance of trial does not provide a renewed opportunity in this case to file motions to exclude testimony of expert witnesses, absent showing that issues raised in motions in limine could not have been raised at the time of deadline noted above. Relatedly, objections to expert witnesses pursuant to Fed. R. Evid. 702, 703, or 705, <u>Daubert</u>, <u>Kumho Tire</u>, or similar case law appearing for the first time in the proposed pretrial order and not made by

5

6) Not later than **30 days** after entry of this order, the parties shall file a joint notice of proposed hearing dates signed by counsel. The notice shall provide at least three sets of dates, which should, to the extent practicable, be no later than **60 days** after the close of discovery, on which counsel, testifying experts, and all witnesses can be available for the hearing. The parties also should review the court's calendar, with benefit of discussion with the case manager, Marsha Castania, to avoid conflict with matters already set, to the extent possible.

7) Unless there is a pending motion to compel, the parties shall serve final prehearing disclosures pursuant to Federal Rule of Civil Procedure 26(a)(3) **21 days** before the hearing, and objections **14 days** before the hearing. The parties shall file a joint (or separate) final prehearing order(s) **seven days** before the hearing. No final prehearing conference will be required unless the parties cannot agree on a final prehearing order or if otherwise ordered by the court.

8) The court dispenses with the requirement in Local Civil Rule 52.1 to file proposed findings of fact and conclusions of law.

In addition, resolution of the pending motion for revocation (DE 376) is HELD IN ABEYANCE pending completion of discovery and forthcoming revocation hearing. The clerk is DIRECTED to administratively terminate the motion (DE 376) for the duration of the stay, and same shall be reopened for decision on the day of the hearing. Pursuant to 18 U.S.C. § 4248(f) and the court's June 7, 2024, order, respondent shall remain in custody at FCC-Butner pending

---

motion to exclude on the schedule set forth above, are waived and will not be considered at the hearing absent extraordinary circumstances.

final decision on the motion for revocation.

SO ORDERED, this the 9th day of October, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge

7